LNE 6.18.24
JMB: USAO 2024R00125

USDC- BALTIMORE
'24 JUN 25 PM 3:32

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. RDB 24 cr 207 |
| v. | * | |
| NATHANIEL RATCHFORD, | * | (Possession of a Firearm and Ammunition by a Prohibited Person, 18 U.S.C. § 922(g)(1); Forfeiture, 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| Defendant. | * | |

*******

## INDICTMENT

### COUNT ONE
(Possession of a Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

On or about February 16, 2024, in the District of Maryland, the Defendant,

**NATHANIEL RATCHFORD**,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit, a black Walther PPS 9mm Luger caliber handgun, bearing serial number BA1208, and approximately 7 rounds of 9mm Luger caliber ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## FORFEITURE

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Count One of this Indictment.

### Firearms and Ammunition Forfeiture

2. Upon conviction of the offense alleged in Count One of this Indictment, the Defendant,

### NATHANIEL RATCHFORD,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense, including, but not limited to:

   a. a black Walther PPS 9mm Luger caliber handgun, bearing serial number BA1208; and

   b. approximately seven rounds of 9mm Luger caliber ammunition.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

                                                     _____
                                                     Erek L. Barron
                                                     United States Attorney

A TRUE BILL:

SIGNATURE REDACTED                 6/25/24
_____                  _____
Foreperson                                              Date